**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
12/4/20
**JEFFREY P. COLWELL, CLERK**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CIVIL NO. 1:20-cv-02839-KLM**

**LORI MANN, Individually and On Behalf of**
**All Others Similarly Situated,**

**Plaintiff,**

**V.**

**CONTINENTAL CASUALTY COMPANY,**

**Defendant.**

**JURY TRIAL DEMANDED**

---

### PLAINTIFF'S AMENDED COLLECTIVE AND
### CLASS ACTION COMPLAINT AND JURY DEMAND

---

1. Defendant Continental Casualty Company ("Defendant") required Plaintiff Lori Mann ("Plaintiff") to work more than forty hours in a workweek and more than 12 hours in a day as an adjuster but refused to pay her overtime wages. Defendant misclassified Plaintiff and other adjusters throughout the United States as independent contractors under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*, and Colorado state law. Realizing that Plaintiff was misclassified as an independent contractor, Defendant reclassified her as an employee but still refused to pay her overtime wages.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their

1

regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

3. Plaintiff worked for Defendant in Colorado. Just as Defendant's misclassification of Plaintiff violates the FLSA, so too does that misclassification violate the state laws of Colorado. As such, Plaintiff brings claims under the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA") as a Rule 23 Class Action. Members of the Colorado class are hereinafter referred to as the "Colorado Class Members." The FLSA Class Members and Colorado Class Members are collectively referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive. Namely, the failure of Defendant to pay overtime due to a common pay practice of misclassifying its adjusters as independent contractors and as exempt from overtime.

6. Venue is proper in the District of Colorado because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Lori Mann is an individual residing in San Antonio, Texas. Plaintiff's written consent to this action was previously filed with the Court. Plaintiff performed work for Defendant in Colorado within the last three years.

8. The FLSA Class Members are all current and former (1) adjusters who were paid on a day rate basis and classified as independent contractors, and (2) adjusters who were classified as employees and classified as exempt from overtime, and who worked at least one week for Defendant at any time during the three-year period before the filing of this Complaint.

9. The Colorado Class Members are all current and former (1) adjusters who were paid on a day rate basis and classified as independent contractors, and (2) adjusters who were classified as employees and classified as exempt from overtime, and who worked at least one week for Defendant in Colorado at any time during the three-year period before the filing of this Complaint.

10. Defendant Continental Casualty Company is a foreign corporation doing business in Colorado. Defendant may be served process through its attorney, John Phillips with Seyfarth Shaw, LLP at 700 Milam St #1400, Houston, TX 77002.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an employer within the meaning of CO. REV. STAT. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

13. Defendant is a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because it is a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiff and the Class Members.

14. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

17. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

18. At all material times, Plaintiff and the Colorado Class Members were employees of Defendant with the meaning of Co. Rev. Stat. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

## FACTS

19. Defendant is a nationwide insurance company that sells various insurance products to companies. (*See* https://www.cna.com/web/guest/cna/about/aboutcna, last visited November 9, 2020). Defendant employs a group of workers across the country as "adjusters." Defendant classifies the adjusters as both independent contractors and as employees. These adjusters work in

Alabama, Arizona, California, Florida, Illinois, New York, Pennsylvania, Ohio, and Texas, amongst other locations.

20. However, the job duties work location, hours of work, and all other conditions of employment are the same for the adjusters classified as independent contractors and those classified as employees.

21. Plaintiff was hired by Defendant in September 2017 as an adjuster. She was classified as an independent contractor and was paid on a day rate basis.

22. Although she was classified as an independent contractor, she was really an employee. Plaintiff worked in Defendant's office in Lawntree, Colorado. She reported to that office every day, was assigned a desk, computer, and was given all other office equipment to use by Defendant. Further, Plaintiff was directly supervised by employees of Defendant.

23. Plaintiff's primary function was to gather information related to property damage from insurance policy holders of Defendant and evaluate that information based upon predetermined guidelines and criteria given to her by Defendant. She spent the majority of her day collecting information and reviewing insurance claims submitted by customers of Defendant. She did not have authority to make any significant decisions on behalf of the company.

24. She normally worked a schedule that was normally six to seven days per week for a minimum of 12 hours per day. She worked on claims that arose during hurricanes, including Hurricanes Irma, Maria, and Michael.

25. In July 2018, Plaintiff was reclassified as an employee and paid a salary plus a day rate.

26. Her work conditions and job duties remained exactly the same as when she was paid as an independent contractor.

27. As an employee, Plaintiff regularly worked overtime hours. She normally worked five to six days per week for a minimum of 12 hours per day.

28. However, Plaintiff never received overtime pay when she worked more than 40 hours per week or more than 12 hours per day.

29. Like the Plaintiff, the Class Members were also classified as independent contractors and paid on a day rate basis and/or were classified as employees and paid a salary without overtime pay.

30. Like the Plaintiff, the Class Members regularly worked more than 40 hours per week and 12 hours per day.

31. Like the Plaintiff, the Class Members were not paid any overtime wages when they worked more than 40 hours per week and 12 hours per day.

32. The Class Members performed similar duties as the Plaintiff.

33. The Class Members worked across the US, including in Alabama, Arizona, California, Florida, Illinois, New York, Pennsylvania, Ohio, and Texas.

34. The Plaintiff and Class Members were not independent contractors but were employees.

35. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

36. In addition, Defendant instructed the Plaintiff and the Class Members about when, where, and how they were to perform their work.

37. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to the Plaintiff and the Class Members:

   a. Defendant paid Plaintiff and the Class Members a pre-set amount per day worked;

   b. The rate paid by Defendant was set by Defendant and was not negotiated by the Plaintiff or Class Members;

   c. Defendant required Plaintiff and the Class Members to report to Defendant's office and to work at set times;

   d. Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work pre-approved;

   e. Defendant set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform their work;

   f. Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

   g. Defendant assigned Plaintiff and the Class Members a substantial number of hours of work per week;

   h. Plaintiff's and the Class Members' services were integrated into Defendant's operations;

   i. Plaintiff and the Class Members constituted the workforce without which Defendant could not perform their services;

    j. Plaintiff and the Class Members worked for Defendant for long periods of time as is common with employees; and

    k. Defendant maintained the right to discharge Plaintiff and the Class Members at any time.

38. Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Defendant invested in significant resources, including owning office space, laptops, paying for employees, a website, marketing costs and other significant costs. The Plaintiff and Class Members did not incur any such costs.

39. Further, the Plaintiff and the Class Members performed work that was integral to the operations of Defendant. Indeed, Defendant is an insurance company and the Plaintiff and Class Members were the workers who were hired by Defendant to perform services for the customers of Defendant.

40. Moreover, Defendant supervised and controlled the activities of the Plaintiff and the Class Members. Defendant monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendant.

41. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

42. Although Plaintiff was reclassified as an employee after July 2018, Plaintiff was still denied overtime wages as a result of being misclassified as exempt from overtime.

43. Like Plaintiff, the Class Members were also misclassified as exempt from overtime.

44. No exemption from overtime under the FLSA or Colorado law applies to Plaintiff or the Class Members.

45. Plaintiff and the Class Members do not supervise other employees or manage a customarily recognized department of Defendant's company.

46. Plaintiff and the Class Members have no authority to hire or fire other employees.

47. Plaintiff and the Class Members do not exercise independent judgement and discretion with respect to matters of significance. Instead, their job duties involve adherence to detailed guidelines and procedures promulgated by Defendant designed to remove independent judgment and discretion.

48. Despite these facts, Defendant misclassified Plaintiff and continues to misclassify the Class Members as exempt from overtime pay.

49. Defendant knew, or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law. In fact, Defendant knew the requirement to pay overtime to Plaintiff and Class Members but intentionally chose not to do so..

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

50. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

51. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

52. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

54. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

55. Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other adjusters under the same compensation structure.

56. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

57. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

58. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees and as independent contractors.

59. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

60. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

61. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification and/or the denial of overtime pay.

62. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

63. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the FLSA Class Members.

64. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

65. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

66. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

67. As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> All current and former (1) adjusters who were paid on a day rate basis and classified as independent contractors, and (2) adjusters who were classified as employees and classified as exempt from overtime, and who worked at least one week for Defendant at any time during the three-year period before the filing of this Complaint.

### COUNT TWO:  VIOLATION OF COLORADO WAGE CLAIM ACT (CLASS ACTION)

68. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

69. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the CWCA.  At all relevant times, Defendant has employed and continues

to employ, "employees," including the Colorado Class Members and Plaintiff, within the meaning of the CWCA.

70. As a result of the foregoing conduct, as alleged, Defendant has failed to pay overtime wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

71. As a result, Plaintiff and the Colorado Class Members have been damaged in an amount to be determined at trial. Plaintiff, on behalf of herself and on behalf of the Colorado Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to compensate Plaintiff and the Colorado Class Members for all unpaid overtime wages.

## RULE 23 CLASS ACTION ALLEGATIONS

72. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

73. Plaintiff brings her overtime claims arising under the CWCA as a Rule 23 class action on behalf of the following class:

> all current and former (1) adjusters who were paid on a day rate basis and classified as independent contractors, and (2) adjusters who were classified as employees and classified as exempt from overtime, and who worked at least one week for Defendant in Colorado at any time during the three-year period before the filing of this Complaint.

74. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 100 individuals that fit into the class.

75. The members of the classes are so numerous that their individual joinder is impractical.

76. The identity of the members of the classes is readily discernible from Defendant's records.

77. Plaintiff and the proposed classes on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

78. Common questions of law and fact exist to all members of the classes. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week;

   b. Whether Plaintiff and the Class Members worked in excess of 12 hours per day;

   c. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Colorado law; and

   d. Whether Defendant failed to classify Plaintiff and Class Members as non-exempt employees under Colorado law.

79. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

80. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Colorado law and because Defendant classified Plaintiff as an exempt employee just as it did with the Colorado Class Members and as an independent contractor just as it did with the Colorado Class Members.

81. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the classes that she seeks to represent. Plaintiff has retained competent

counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and her counsel.

82. The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Colorado Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the classes could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

83. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

84. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for all FLSA Class Members to permit them join this action by filing a written notice of consent;

   b. An order certifying this case as a class action under Rule 23 for the Colorado state law claims;

    c. A judgment against Defendant awarding Plaintiff, the FLSA Class Members, and Colorado Class Members all of their unpaid overtime compensation and liquidated damages;

    d. An order awarding attorneys' fees, costs, and expenses;

    e. Pre- and post-judgment interest at the highest applicable rates; and

    f. Such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        HODGES & FOTY, L.L.P.

        By: /s/ Don J. Foty
            Don J. Foty
            dfoty@hftrialfirm.com
            Texas State Bar No. 24050022
            Admitted before U.S. District Court of Colorado
            4409 Montrose Blvd., Suite 200
            Houston, TX 77006
            Telephone: (713) 523-0001
            Facsimile: (713) 523-1116

        ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS